IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, f/u/b/o RAUL MENDOZA d/b/a EDI'S CONSTRUCTION | § § | PLAINTIFF |
| v. | § § | Civil No. 1:09CV785-HSO-JMR |
| SAFECO INSURANCE COMPANY OF AMERICA, X-ACT CONSTRUCTION SERVICES LLC, and TESORO CORPORATION | § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO DISMISS WITHOUT PREJUDICE, DENYING AS MOOT
MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION TO DISMISS,
AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

BEFORE THE COURT is the Motion to Dismiss [7], of Defendants Tesoro Corporation ("Tesoro") and Safeco Insurance Company of America ("Safeco"), filed January 20, 2010. Also before the Court is the Motion for Leave to File Supplemental Motion to Dismiss [21], of Defendants Tesoro and Safeco, filed March 22, 2010. Both Motions are fully briefed. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion to Dismiss [7], should be denied without prejudice, with leave to reassert, and Defendants' Motion for Leave to File Supplemental Motion to Dismiss [21], should be denied as moot.

I. BACKGROUND

Plaintiff, United States of America for the use and benefit of Raul Mendoza d/b/a Edi's Construction, filed its Complaint [1] on December 4, 2009, against

Defendants Safeco, Tesoro, and X-Act Construction Services, LLC ("X-Act"), for allegedly unpaid labor, material, and construction services provided on a federal construction project known as U.S. Coast Guard Station located at 991 23rd Avenue in Gulfport, Mississippi ("the Project"). The Complaint raises claims under the Miller Act, 40 U.S.C. § 3131, *et seq.*, as well as for breach of contract, quantum meruit, and open account. Defendants Tesoro and Safeco now ask the Court to completely dismiss them from the case, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff opposes such dismissal, but in the alternative, requests leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15.

## II. DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47

(1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009) (*quoting Twombly*, 550 U.S. at 556-57, 570).

B.  The Miller Act

The Miller Act requires that a contractor on a federal construction project furnish "a payment bond...for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." 40 U.S.C. § 3131(b)(2). Section 3133(b) of the Act states, in part, that:

> **(1) In general**.-Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.
>
> **(2) Person having direct contractual relationship with a subcontractor**.–A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the

> labor or furnished or supplied the last of the material for which the claim is made.
>
> * * *
>
> **(4) Period in which action must be brought**.—An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

40 U.S.C. § 3133(b).

There is no serious dispute among these parties that Plaintiff was initially hired by X-Act, a subcontractor to the prime contractor, Tesoro, to perform construction services on the Project, or that Safeco posted the payment bond for the Project. Tesoro and Safeco instead contend that because the Complaint alleges a direct contractual relationship only between X-Act and Plaintiff, and because it fails to set forth Plaintiff's last date of work on the Project, a Miller Act claim does not lie.

> The Miller Act provides a right to bring a statutory civil action on a payment bond to parties with a direct contractual relationship with a subcontractor only upon the sub-subcontractor first providing written notice to the contractor within 90 days from the date on which it last performed labor or provided materials to the Project, AND the civil action is filed no later than one year after the day on which the last labor was performed or material supplied. 40 U.S.C. § 3133(b)(2),(4).

Defs.' Mem. in Supp. Mot. to Dismiss at p. 8. Tesoro and Safeco maintain that, to the extent Plaintiff alleges that its last day of work on the Project was January 23, 2009, Plaintiff's January 14, 2009, notice of its claim to Tesoro was premature, and leave to supplement the Motion to Dismiss should be granted. *See* Defs.' Mot. for Leave to File Suppl. Mot. to Dismiss at p. 3; *see also* Mem. in Supp. of Defs.' Suppl.

Mot. to Dismiss, attached as Ex. "B" to Defs.' Mot. for Leave to File Suppl. Mot. to Dismiss.

Plaintiff responds that it provided timely notice of its claim, and is otherwise exempt from the notice requirements of § 3133(b)(2) on grounds that Tesoro directly employed it to complete the job following X-Act's termination from the Project in November 2008. *See* Pl.'s Opp'n to Defs.' Mot. for Leave to File Suppl. Mot. to Dismiss at p. 2; *see also* Mem. in Supp. of Pl.'s Opp'n to Defs.' Suppl. Mot. to Dismiss at p. 4-9. Tesoro and Safeco counter that Plaintiff did not lodge any allegation in the Complaint that it had a direct contractual relationship with Tesoro, and cannot now make such an assertion. *See* Defs.' Rebuttal Mem. to Pl.'s Opp'n to Suppl. Mot. to Dismiss at p. 2. Though not raised by way of formal motion, Plaintiff alternatively seeks leave to amend its Complaint, pursuant to Federal Rule of Civil Procedure 15(a), to clarify its allegations. *See* Pl.'s Resp. to Defs.' Suppl. Mot. to Dismiss at p. 4; *see also* Pl.'s Mem. in Supp. of Pl.'s Opp'n to Defs.' Suppl. Mot. to Dismiss at pp. 9-10.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, leave to amend need not be granted when it would be futile to do so." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (*citing Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539 (5th Cir. 1980)). "Such a situation arises when leave is sought to add a claim upon which the statute of limitations has run." *Id*. Tesoro and Safeco contend that an amendment here would be futile, as any new Miller Act

claim would be time-barred pursuant to § 3133(b)(4).  *See* Defs.' Rebuttal Mem. to Pl.'s Opp'n to Suppl. Mot. to Dismiss at pp.5-7.

In relevant part, Federal Rule of Civil Procedure 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or *attempted to be set out*–in the original pleading...." FED. R. CIV. P. 15(c) (emphasis added).  "[T]he search under Rule 15(c) is for a common core of operative facts in the two pleadings," 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1497 (2d ed. 1990).

"[A]mendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c)(1)(B) test and will relate back."  6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1497.  Insofar as the Court is able to ascertain from the Complaint at this juncture, the amendment sought would merely clarify the facts and allegations contained in Plaintiff's Complaint.  Though the Complaint explicitly references Plaintiff's direct contract with X-Act, it also states that Plaintiff performed construction work on the Project "at Defendants' special instance and request...."  Pl.'s Compl. ¶ 18.  For the foregoing reasons, and because "[t]he doctrine of relation back under Rule 15(c) is to be 'liberally applied,'" *Galvan v. Bexar County*, 785 F.2d 1298, 1305 (5th Cir. 1986), the Court is of the opinion that Plaintiff should be granted leave to amend its Complaint.  Tesoro and Safeco's Motion to Dismiss [7]

should therefore be denied, without prejudice to their right to reassert any of their defenses in a later motion.

### III. CONCLUSION

The Court has considered Defendants Tesoro and Safeco's Motion to Dismiss and Motion for Leave to File Supplemental Motion to Dismiss, and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, the Motion to Dismiss [7] should be denied without prejudice, with leave to reassert, and the Motion for Leave to File Supplemental Motion to Dismiss [21] should be denied as moot. Plaintiff shall file any Amended Complaint on or before May 10, 2010.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion to Dismiss [7], of Defendants Tesoro Corporation and Safeco Insurance Company of America, filed January 20, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6), should be and hereby is **DENIED WITHOUT PREJUDICE**, to their right to reassert any of their defenses in a later motion.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion for Leave to File Supplemental Motion to Dismiss [21], of Defendants Tesoro Corporation and Safeco Insurance Company of America, filed March 22, 2010, should be and hereby is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Plaintiff shall file any Amended Complaint on or before May 10, 2010.

**SO ORDERED AND ADJUDGED**, this the 23rd day of April, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE